**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Peter Anthony Mangano, ) | CIV-08-1486-PHX-MHB |
| ) Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Yuma Probation Department, ) | |
| ) Defendant. ) | |
| ) | |

Pending before the Court is "State Defendant's Motion to Dismiss" (Doc. #7). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

**BACKGROUND**

This lawsuit arises from Plaintiff Peter Anthony Mangano's allegation that Ms. Hoffman, a supervisor in the Yuma Probation Department (Defendant), falsely caused the arrest of Plaintiff. It is unclear from the pleadings the exact date of Plaintiff's alleged false arrest. However, Plaintiff indicated twice in his Complaint that his arrest occurred nearly two years ago. (Doc. #1 at 1, 5.) Specifically, Plaintiff states on page one, line 4, that he was arrested "over two plus years" ago, and on page five, line 9, he asserts that his "pleading is filed into the 24th month of the Statute of Limitations." (Doc. #1 at 1, 5.) The only defendant Plaintiff lists in his Complaint is the Yuma Probation Department.

1  Plaintiff filed his "False Arrest" Complaint on August 12, 2008 (Doc. #1). Defendant
2  filed a Motion to Dismiss on October 7, 2008 (Doc. #7). Plaintiff filed its Response on
3  December 9, 2008 (Doc. #17).

**DISCUSSION**

Defendant contends that Plaintiff's claim is barred because the Yuma Probation Department is not a jural entity. In response, Plaintiff concedes that he failed to name the State of Arizona as the defendant. Additionally, Plaintiff asks the Court to mitigate his failure and hold him "to less stringent standards" and protect him from "the consequences of confusion" (Doc. #17 at 3, 4) (citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972), and Robinson v. America's Best Contacts and Eyeglasses, 876 F. 2d 596 (7th Cir. 1989)). Plaintiff cites to Haines v. Kerner in error. In Haines, the Supreme Court held when a *pro se* plaintiff submits a complaint, his brief statement of the case should be held "to less stringent standards" before the Court dismisses the case for failure to state a claim. 404 U.S. at 520-521. The Court did not rule that less stringent standards should apply because a plaintiff failed to identify the correct defendant. Additionally, Plaintiff's "consequences of confusion" argument is invalid because in the opinion of the non-binding case of Robinson v. America's Best Contacts and Eyeglasses, the Seventh Circuit does not hold that "a district court should also take care to protect [*pro se*] plaintiffs from consequences of confusion" (Doc. #17 at 4).

Probation departments are not jural entities. The probation departments of the various counties in Arizona are agencies of the judicial department of the State. State v. Pima County Adult Probation Department, 147 Ariz. 146, 148-149 (App. 1985). State agencies created by the legislature have only the powers and attributes ascribed to them by the legislature. Cox v. Pima County Law Enforcement Merit Improvement Council, 27 Ariz. App. 494 (1976). The Arizona Legislature has conferred the right to sue and be sued to some state agencies. The agencies that have been conferred those rights are referred to as jural entities. An action cannot be brought against a state agency that lacks the authority to sue

and be sued. Kimball v. Shofstall, 17 Ariz. App. 11 (1972). The legislation which provides for the establishment and administration of probation departments, A.R.S. Title 12, Chapter 2, Articles 6 & 7 does not include an authorization for probation departments to sue or be sued. The Yuma Probation Department is therefore not a jural entity, and cannot be subject to suit.

**CONCLUSION**

The Court – finding that Plaintiff has failed to sue a jural entity – will grant the Defendant's Motion to Dismiss.

Accordingly,

**IT IS ORDERED** that "State Defendant's Motion to Dismiss" (Doc. #7) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Allow Electronic Filing" (Doc. # 18) is **DENIED** as moot;

**IT IS FURTHER ORDERED** that Defendant's "Emergency Motion for Stay of Case Proceedings" (Doc. #20) is **DENIED** as moot;

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

DATED this 8th day of July, 2009.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge